**Alfred BRAWER, Plaintiff,**

v.

**Edward LEVI, Attorney General, and United States Department of Justice, Defendants.**

**No. 76 Civ. 5818.**

United States District Court, S. D. New York.

June 16, 1977.

---

Alfred Brawer, pro se.

Robert B. Fiske, Jr., U. S. Atty., by Gaines Gwaihmey, III, Asst. U. S. Atty., New York City, for defendants.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

This is an action brought by a federal prisoner against Attorney General Edward Levi (or, presumably, his successor, Griffin Bell) and the United States Department of Justice. The action seeks a "full review" of the actions of certain officials of the Justice Department which were allegedly violative of plaintiff's constitutional rights, as well as certain specified federal criminal statutes. Because of the alleged "abuse of discretion" on the part of the defendants, plaintiff asks the court to fashion appropriate relief of an unspecified nature. For the reasons set forth below, the complaint must be dismissed.

Plaintiff Brawer is presently incarcerated in the Federal Penitentiary at Lewisburg, Pennsylvania pursuant to judgments of conviction entered in this court after a jury trial before Judge Milton Pollack. Along with two co-defendants, he was found guilty of all counts of a three-count indictment charging him with (1) conspiracy to violate 18 U.S.C. § 2314 by unlawfully, willfully, and knowingly transporting stolen United States Treasury Bills in interstate and foreign commerce; (2) transportation of $262,000 of stolen Treasury Bills in foreign commerce between New York City and Zurich, Switzerland; and (3) transportation of said bills between New York City and Montreal, Canada. *United States v. Brawer*, 482 F.2d 117, 119 (2d Cir. 1973). Plaintiff was sentenced to one five-year and two seven-year terms of imprisonment, with the sentences to run concurrently. In a lengthy opinion, the Court of Appeals rejected plaintiff's numerous challenges to the propriety of his conviction, but remanded the

**536**

case to the District Court for a hearing pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to determine whether the prosecutor had improperly withheld exculpatory material from the defendant. *Id.* at 134–37, 83 S.Ct. 1194. After a careful review, Judge Pollack found no such misconduct on the prosecutor's part, *United States v. Brawer*, 367 F.Supp. 156 (S.D.N.Y.1973), and the Court of Appeals affirmed that finding. *United States v. Brawer*, 496 F.2d 703 (2d Cir.), *cert. denied*, 419 U.S. 1051, 95 S.Ct. 628, 42 L.Ed.2d 646 (1974).

After his conviction was affirmed, plaintiff brought suit in the United States District Court in New Jersey against Jay S. Horowitz, the Assistant United States Attorney who prosecuted his case, and one Salvatore L. Mauceli, a co-defendant in the criminal case who had testified for the Government in that action. The complaint alleged that "Horowitz and Mauceli had conspired with 'diverse other persons unknown to plaintiffs' 'to injure, oppress and procure the convictions of plaintiffs with the knowing use of false and perjured testimony, and to deprive plaintiffs . . . of their rights to a fair and untainted trial secured and guaranteed to them by the due process clause of the Fifth Amendment . . . . as well as by the Civil Rights Act, 42 U.S.C.A. §§ 1985(2), 1986.' " *Brawer v. Horowitz*, 535 F.2d 830, 832 (3d Cir. 1976). The District Court dismissed the action against Horowitz on the ground of prosecutorial immunity, and the Third Circuit affirmed the dismissal, holding that "a federal prosecutor is absolutely immune from suit where the allegations relate solely to his initiating and presenting a criminal case." 535 F.2d at 834.

The instant complaint was filed on October 8, 1976 in the United States District Court for the District of Columbia and was subsequently transferred to this District. The complaint is styled a "Complaint for review and relief under Title 5 U.S.C. Sect. 701 et seq.", which is, of course, the Administrative Procedure Act. The complaint alleges that "various employees" of the Justice Department, including former Assist-

ant United States Attorney Horowitz, "Mr. Wing" (presumably Assistant United States Attorney John Wing), and others unknown to the plaintiff have conspired to obtain a "tainted" indictment against him by "impeding and obstructing the full and fair investigation" by the grand jury. Specifically, plaintiff alleges that Horowitz and others employed "coercion" against Salvatore Mauceli to induce him to present "false" testimony to the grand jury. At the subsequent trial on the indictment, "the defendants, thru Jay S. Horowitz" allegedly knowingly permitted Mauceli to present false testimony to the jury. In so doing, and in allegedly deciding to offer Mauceli the benefits of the "Witness Security Program", the defendants allegedly "abused their discretion". Furthermore, "the defendants thru Jay S. Horowitz" are accused of misleading the Court of Appeals through the insertion of falsified excerpts from the trial transcript in the Government's reply brief on appeal, and of having damaging *ex parte* communications with the trial judge, which allegedly caused the judge to impose a substantially more severe sentence on Mr. Brawer than on his codefendants. The "defendants thru their designee—U. S. Bureau of Prisons" are also accused of providing a "materially erroneous 25 year old pre-sentence report, upon which the probation dep't constructed an erroneous opinion, for presentation to the sentencing judge". Finally, the defendants are accused of violating the Freedom of Information Act in failing to provide copies of unspecified, requested files and documents, "thus knowingly preventing, impeding, obstructing and blocking all meaningful access to the original jurisdiction court for postconviction remedies, to be effectively presented." In view of these allegations, plaintiff asks for "a full review of the actions of the defendants, in view of the illegality thereof and thereby an abuse of discretion, requiring Judicial Notice and relief to be fashioned" by the court.

■ Plaintiff very explicitly bases his action upon Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.*, with

its provisions for judicial review of administration action. He carefully urges the court thereby to conduct a thorough "review" of the alleged actions of the defendants in this case, to provide some recourse against the abuses committed by "corrupt prosecutors" who have been granted absolute immunity from civil suit for prosecutorial acts by the Supreme Court's decision in *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 198 (1976). However, as the Supreme Court recently made abundantly clear, Section 10 of the APA "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). Particularly where, as here, the complaint *may* be read as an attack upon the constitutionality of the plaintiff's incarceration, the APA does not afford any jurisdictional base. *Billiteri v. United States Board of Parole*, 541 F.2d 938, 946 (2d Cir. 1976).

 In view of the fact that plaintiff is not represented by counsel, however, the court will construe his complaint, as did the Court of Appeals for the Third Circuit, *Brawer v. Horowitz, supra,* at 834, as purporting to state a direct claim for deprivation of constitutional rights, *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), although plaintiff does not make any explicit claim for damages in his complaint. Plaintiff studiously avoids naming as defendants the prosecutors who were in charge of his federal criminal trial and, instead, refers to various employees of the Justice Department, *including* Messrs. Horowitz and Wing. However, a fair reading of the complaint makes clear that the real targets of his ire are the Assistant United States Attorneys who handled the preparation, trial, and appeal of his prosecution. Particularly in view of his plea that the mechanism of the APA be utilized to afford him a vindication of his constitutional rights, which would otherwise be precluded by *Imbler v. Pachtman, supra,* it seems patent that he seeks in this action to avoid the dismissal which he encountered in his suit in the District of New Jersey. The persons who would have been responsible for the conduct of the grand jury presentation, for the decision to offer Mauceli the opportunity to testify for the Government and receive the benefits of the "Witness Security Program", and for the conduct of the trial and appeal are obviously the federal prosecutors in charge of the case. And their actions in carrying out these duties are clearly immune from civil suit. *Imbler v. Pachtman, supra.* The allegations regarding the misinformation supplied for the probation report and the alleged obstruction of access to files and documents necessary to seek post-conviction relief are merely the functional equivalents of the conspiracy allegations directed toward Assistant United States Attorney Horowitz in the civil action instituted in New Jersey, and they should be dismissed on the same ground. Plaintiff cannot, by such indirection, avoid the clear teaching of the Supreme Court that prosecutorial officers are not subject to suit for actions taken (or not taken) in the course of a criminal prosecution. Plaintiff's suit, if it be deemed a *Bivens* action at all, is clearly directed at officials against whom recovery is barred by *Imbler.* If, indeed, plaintiff requires certain files or documents to properly seek post-conviction relief, then his *proper recourse*—if the Government will not supply such records—is a suit for such papers under the Freedom of Information Act. 5 U.S.C. § 552a(g)(1). However, it is clear that plaintiff is not seeking such relief in this suit.

 The final question is whether this action, in view of its clear invitation to declare unconstitutional many of the Government's actions during plaintiff's federal criminal prosecution, should be deemed an action for post-conviction relief pursuant to 28 U.S.C. § 2255. If this were such a petition, it should properly be brought before Judge Pollack, the sentencing judge. Calendar Rule 9(A). However, in view of the fact that plaintiff specifically alleges (in paragraph 9 of the complaint) that his access to the "original jurisdiction court for

**538**

post-conviction remedies" has been obstructed and impeded by the various actions of the defendants, it seems a fair inference that the instant suit is a personal action seeking recompense for that deprivation, rather than an action challenging the constitutionality of his conviction *per se*. In order that plaintiff may have a fair opportunity to more clearly formulate his claim for post-conviction relief (in view of the ambiguity in this complaint), the instant action will not be construed as a petition pursuant to 28 U.S.C. § 2255.

The case is dismissed for the above reasons, but without prejudice to plaintiff's right to bring a further action pursuant to 28 U.S.C. § 2255 before Judge Pollack.[1]

SO ORDERED.

---

[1] To the extent that papers submitted by the the plaintiff subsequent to filing of the complaint raise issues concerning the actions of prison officials allegedly in violation of his rights, those complaints should be dealt with in the federal court for the district in which plaintiff is incarcerated, *Wren v. Carlson*, 165 U.S. App.D.C. 70, 506 F.2d 131 (1974), and an appropriate action should be instituted in that jurisdiction.